UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:  REX DWIGHT SWIGER                     CASE NO.: 14-01283
        GINA MARIE SWIGER

PROPOSED PLAN,
MOTION TO VALUE CLASS FOUR CLAIMS, AND
NOTICE TO CREDITORS

To Creditors: Read this proposed plan carefully and discuss it with your attorney. This proposed plan requests that you accept its terms and contains evidentiary matters, which, if not controverted, may be accepted by the court as true. The proposed plan may be confirmed without further notice if no objection is timely filed. **If you object to any provision of this plan, or if you oppose any included motion to value collateral, you MUST file a timely written objection. Objections by any party other than the Chapter 13 Trustee must be in writing and filed with the court no later than fourteen days after the date first set for the § 341(a) meeting of creditors.** If this proposed plan was not filed at least sixteen days before the date first set for the § 341(a) meeting of creditors, objections must be filed within thirty days from the issuance of the Clerk's notice of the confirmation hearing that accompanies this proposed plan, or amended plan.

This plan does not allow claims; thus, the fact that your claim is classified herein does not mean that you will receive payment. You must file a proof of claim to be paid even if you are listed in this Plan or on the bankruptcy schedules; provided, however, that if you fail to file a timely proof of claim, the Debtor may provide information regarding the nature of your debt and amount owed to you, which, if satisfactory to the Chapter 13 trustee and the court, may be paid pursuant to a Chapter 13 plan. If the Debtor proposes to pay a claim directly, then the failure of a creditor to file a proof of claim does not excuse the Debtor from making the required direct payments; provided, however, if any part of a claim is to be paid by the Trustee, the creditor must file a proof of claim.

| (X) Original Plan<br>( ) Pre-Confirmation Amended Plan; Date Amended:_____<br>All Pre-Confirmation Amended Plans must be filed on this form and all pertinent sections completed, including those that are unchanged by the Amended Plan. |||
|---|---|---|
| For an Amended Plan, the Plan provisions amended by this filing are :<br><br>Creditors affected by this amendment are: (List both creditor name and proof of claim # |||
| The Debtor earns income that is:<br>( )Above the Applicable Median Income<br>(x)Below the Applicable Median Income | Estimated dividend to unsecured creditors if case was filed under Chapter 7  17.7%<br>(See Exhibit A attached) | Estimated dividend to unsecured creditors under this Chapter 13 plan: 15.2% |
| Debtor Claims to be Eligible for Discharge: (x) Yes<br>( ) No || Joint Debtor Claims to be Eligible for Discharge: (x) Yes<br>( ) No |

**Any changes made to the language of this model plan by the Debtor must be placed in bold faced font.**

I.     **Plan Payments and Length**

       The Debtor will continue to make payments for the life of the plan, regardless of whether the estimated dividend to unsecured creditors has been met. The Debtor shall pay $11,400.00 over the life of the plan, payable in (weekly, bi-weekly, or **monthly**) installments of $190.00 over a total period of 60 months to the Trustee. OR,

The Debtor anticipates changes in income and expenses over the course of the plan and propose payments as follows:
The Debtor shall make (weekly, bi-weekly, or monthly) payments to the Trustee in the amount of
$_____ over a total period of _____ months to the Trustee.
Then $_____ (weekly, bi-weekly, or monthly) for a total period of _____ months
Then $_____ (weekly, bi-weekly, or monthly) for a total period of _____ months.

| | |
|---|---|
| The Schedule I net income listed for the Debtor is | $1,695.00 |
| Less the Schedule J expenses claimed by the Debtor | $1,502.68 |
| Equals the Debtor's claimed disposable income based on Schedule I & J | $190.32 |

If the Debtor has above median income, the Debtor listed disposable income on Form B22C (Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income) in the amount of $_____.

The Debtor shall make plan payments by:

[ ] A wage withholding order:
Employer
Address
Address
City and State
Telephone Number

[x] Direct payment by the Debtor. (Unless otherwise exempted from the wage withholding requirement, checking this box requires the Debtor to make a motion to the Bankruptcy Court explaining why there is to be no wage withholding order).

In addition to the monthly plan payments proposed by the Debtor, the following additional property is dedicated to pay claims against the Debtor:
_____
_____
(Specify property or indicate if none). Additional property increases the gross base of the plan.

TAX REFUNDS - Regarding the receipt of future tax refunds, the Debtor proposes to:

[x] Dedicate all amounts over $1,500 from all tax refunds to increase the gross base on the proposed Chapter 13 Plan;
  [ ] Dedicate the entire amount of all tax refunds to increase the gross base on the proposed Chapter 13 Plan;
OR
  [ ] Other. Please explain:_____
_____

The Debtor shall submit all tax refunds that are dedicated to the Plan to the Trustee within 30 days of receipt of the same.

EFFECTIVE DATE. Plan payments shall commence not later than 30 days after the filing of the petition or date of conversion from another chapter. The amount of the monthly plan payment may be increased without notice at or before the confirmation hearing. The proposed plan length runs from:

[X] The date that the first plan payment is made pursuant to § 1326(a)(1); or,
[ ] The date of confirmation, with all pre-petition payments being dedicated to pay claims against the Debtor.
ADEQUATE PROTECTION PAYMENTS. Unless otherwise ordered, if a secured creditor is being paid through the Trustee, then all § 1326(a)(1) adequate protection payments shall be made through the Trustee in the

amount set forth in this proposed plan. Payment shall be subject to the Trustee's fee and shall be made in the ordinary course of the Trustee's business. However, the Trustee is not obligated to make any pre-confirmation adequate protection payments to a secured creditor until that creditor files a proof of claim.

II  **Plan Analysis - Total Payments provided For In the Plan** (not including any amounts not paid through the Trustee)

| | |
|---|---|
| Class One | $6,090.00 |
| Class Two | $0.00 |
| Class Three | $0.00 |
| Class Four | $0.00 |
| Class Five | $0.00 |
| Class Six | $5,310.00 |
| Class Seven | $0.00 |
| Class Eight | $0.00 |
| Other | $0.00 |
| Total (should equal the total Debtor proposes to pay in section I.) | $11,400.00 |

III.  **Classification of Claims and Valuations of Secured property**

Each holder of an allowed secured claim, which is paid during the life of the plan and for which the collateral is not surrendered, shall   retain the lien securing the claim until the earlier of: (1) payment of the underlying debt as determined under non-bankruptcy law; or (2) discharge. Should this case be dismissed or converted before the plan is completed, the lien securing an allowed secured claim shall be retained by the holder to the extent recognized by non-bankruptcy law.

CLASS ONE: Allowed, Priority, Unsecured Claims Under § 507 of the Bankruptcy Code

(1) Trustee's Fees. The Trustee will receive from all disbursements such amount as is approved by the Court for payment of fees and expenses. The Trustee's fees are estimated to be 10% of each monthly disbursement. The Debtor has proposed a plan of reorganization that pays a gross base of $11,400.00 over 60 months; thus the total estimated Trustee's fee is $1,140.00. In event that the Trustee's fees are less than 10%, the additional funds collected by the Trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

(2) Attorney's Fees. The Attorney for the Debtor will be paid a base fee of $3,440.00. The Attorney received $1,040.00 from the Debtor pre-petition and the remainder of the base fee will be paid after confirmation of this plan and concurrently with any secured debt payments and any domestic support obligations that is to be paid by the Trustee. Funds are to be applied first to long term mortgage debts paid through the Trustee, second to equal monthly payments to other secured creditors, third to domestic support creditors, and only then to Attorney's Fees. Attorney's Fees are to be paid, in-full, before any plan payment is applied to an arrearage claim or before payment is applied to any other priority or unsecured debts

(3) Domestic Support Obligations.

[X] The Debtor has no domestic support obligations
[ ] The name and address of the holder of any domestic support obligation as defined in 11 U.S. C. § 101(14A) is as follows: (Do not disclose the names of minor children or confidential information - instead, inform the Trustee privately)

Payments on Domestic Support Obligations will be made as follows:

| Claim # | Names of DSO Claimant and/or Agency with full mailing address of each | Estimated Arrearage to be Paid in the Plan (enter-0- if none is to be paid through the plan) | Payment amount for On-Going Monthly DSO obligations. Indicate if Post-Petition payments are to be made by the Trustee ("T"), or the Debtor ("D") |
|---|---|---|---|
| | | | |
| | | | |

(4) Other Priority Claims as defined by 11 U.S.C. § 507

| Claim No# | Creditor | Type of Priority | Estimated Amount Owed |
|---|---|---|---|
| | IRS | | $1,500.00 |
| | WV State Tax Department | | $1,050.00 |

Unless the holder of a Class One claim agrees to different treatment, the Debtor will pay all Class One claims in full, in deferred payments, provided a proof of claim has been filed, if applicable. The amount and timing of each monthly payment is subject to the discretion of the Trustee.

**CLASS TWO:** Debts Secured Only by the Principal Residence of the Debtor. The property address of the principal residence of the Debtor is 127 Helen's Place, Clarksburg, WV 26301.
[ ] There are no Class Two claims;
[x] There are Class Two claims that are treated under one of the following options:

[x] **Option 1: Direct Pay.** The Debtor is not in arrears on these mortgage debt (s) and will directly pay the mortgage holder its regular monthly payment.

| Claim No# | Creditor | Monthly Contract Payment Amount | Total Number of Payments Remaining (if less than Plan length) |
|---|---|---|---|
| | Citi Mortgage | $468.00 | |
| | | | |

[ ] **Option Two: Cure of Arrearage and Maintenance of Payments.** Treatment of On-Going Monthly Payments (these payments must be made by the Trustee unless otherwise ordered by the Court)

| Claim No# | Lien Holder | Regular Monthly Payment | Number of Payments Remaining if Less than Plan Length | Total Paid in Plan Through the Trustee |
|---|---|---|---|---|
| | | | | |
| | | | | |

Treatment of Arrearage on Mortgage claims. The pre-petition arrearage must be paid through the Trustee and will be paid in the plan at 0% interest unless otherwise ordered by the Court. The arrearage amount listed is an estimate and is subject to change based upon a Creditor's timely filed and allowed secured claim. The monthly payment amount on the arrearage debt is to be determined by the Trustee.

| Claim No# | Lien Holder | Amount of Arrearage |
|---|---|---|
|  |  |  |
|  |  |  |

[ ] **Option Three: Open.** The Debtor proposes the following treatment for Class Two claims:

_____
_____

Unless a Class Two debt is paid in full in the plan, Class Two claims (home mortgages) are to be paid as long term debts and are excepted from discharge pursuant to § 1328(a)(1).

Notification of Payment Changes for Class Two Claims Being Paid Through the Trustee
In the event of any change in the amount of the monthly mortgage payments pursuant to the terms of the mortgage agreement, the creditor shall file with the Clerk, and serve upon the Debtor and Debtor's counsel, a Notice of Payment Change. Upon the filing of a Notice of Payment Change, the Trustee will change the monthly payment amount. In the event a Notice of Payment Change is filed, the Trustee shall be responsible to submit to the Court an amended wage withholding order and to notify the Debtor and Debtor's counsel in writing of the change in the plan payment. In the event a payment change effects the rights of any other creditor, a pre-confirmation amended plan or motion to modify confirmed plan must be filed.

> CLASS THREE: - Oversecured Claims and Secured Claims Not Subject to Valuation Under 11 U.S.C. § 506 (creditor claims that are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor within 910 days proceeding the filing date of the petition or any other personal property collateral acquired within one year preceding the filing date of the petition)

[x] There are no Class Three Claims;
[ ] There are Class Three claims. Class Three Claims are treated under one of the following four options;

**Option One: Direct Payment.** The Debtor is not in arrears on these Class Three debt(s) and will directly pay the Class Three creditor its regular monthly payment.

| Claim # | Creditor | Collateral | Monthly Contract Payment Amount | Total Number of Payments Remaining (if less than Plan length) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**Option 2: Cure of Arrearage and Maintenance of Payments.** If this option is used, both the cure of the arrearage and the ongoing contractual payments must be made through the Trustee, unless otherwise ordered by the Court.

Treatment of On-Going Monthly Payments

| Claim No# | Lien Holder | Collateral | Total Due at Filing | Interest Rate | Monthly Contract Payment Amount | Number of Payments Remaining | Total Paid in Plan Through Trustee |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

Treatment of Arrearage on Class Three Claims. The pre-petition arrearage must be paid through the Trustee and will be paid in the plan at 0% interest unless otherwise ordered by the Court. The arrearage amount listed is an estimate and is subject to change based upon a Creditor's timely filed and allowed secured claim. The monthly payment amount on the arrearage debt is to be determined by the Trustee.

| Claim No# | Lien Holder | Collateral | Amount of Arrearage |
|---|---|---|---|
| | | | |
| | | | |

**Option 3: Modification of Creditor's Claim Except as provided in 11 U.S.C. § 506.** Claims that are modified in a Chapter 13 plan must be paid through the Chapter 13 Trustee. Both the arrearage amount and the remaining principal balance are paid at the prime rate in effect on the petition date, plus 2 percentage points, unless a different rate is stated. The total amount of interest to be paid in the Plan may be determined by the following formula: Total Interest = Principal x (Rate of Interest x Number of Years). The monthly payment amount is to be determined by the Trustee. The Trustee may pay the interest, secured principal and arrearage amount on an amortized basis over the life of the plan, and, thus, the total amount of interest may vary from the amount calculated.

| Claim No# | Creditor | Collateral | Total Owed (Including arrearage) | Interest Rate | Number of Proposed Plan Payments | Total Paid in Plan Through the Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**Option 4: Open.** The Debtor proposes the following treatment for Class Three claims:
_____
_____

**CLASS FOUR.** Claims Subject to Valuation

**This Plan does not value claims. To value a claim pursuant 11 U.S.C. § 506, the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed. R. Bankr. P. 3012, 7004, 9104(b).** The information provided under Class Four of this Plan is for information purposes only, and the Debtor's valuation stated herein is subject to change, without the need to modify the plan, based on the resolution of the Debtor's motion to value. If the motion to value is granted, the Trustee shall pay allowed secured claims based on the value of the collateral as indicated in the order granting the motion, in full, over the duration of the plan. The Trustee will pay interest on the secured portion of the claim at the prime rate in effect on the petition date, plus 2 percentage points, unless a different rate is stated. The total amount of interest to be paid over the life of the Plan may be determined by the following formula: Total Interest = Principal x (Rate of Interest x Number of Years). The monthly payment amount is to be determined by the Trustee. The Trustee may pay the interest, secured principal and arrearage amount on an amortized basis over the life of the plan, and, thus, the total amount of interest may vary from the amount calculated. The actual amount and timing of the payment(s) on the secured portion of the claim are subject to the discretion of the Trustee. The amount of the creditor's claim in excess of the Debtor's valuation for the collateral shall be treated in Class Six as an unsecured claim if the creditor timely files a proof of claim. If an order is entered treating the claim wholly unsecured then the creditor's lien will be avoided pursuant to 11 U.S.C. § 506 on entry of discharge.

The Debtor is the owner of the property serving as collateral, is aware of its condition, and believes that its value is as set forth below. If the Debtor's motion to value is granted, the affected creditor(s) will receive the following treatment in the Debtor's plan:

| Claim No# | Creditor | Collateral | Amount Owed | Debtor's Valuation | Interest Rate | Total Paid in Plan |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**CLASS FIVE:** Secured Collateral to be Surrendered or Sold

( ) There are no Class Five Claims
(x) There are Class Five Claims

The Debtor proposes to surrender or sell the following collateral:

| Claim No# | Creditor | Collateral | Amount Owed | Debtor's Valuation of the Collateral | Indicate if Surrendered or to be Sold | Time to complete sale, if applicable |
|---|---|---|---|---|---|---|
| | Ally | 2011 Chrysler | $22,000.00 | $12,000.00 | Surrender | |
| | Kawasaki | 4 Wheeler | $2,000.00 | $2,000.00 | Surrender | |

For property the Debtor proposes to sell, a separate Motion and proposed Order must be filed which provide the details of the sale. Court approval also must be obtained for the hire and use of a professional to sell property. After the payment of secured debts and the costs of sale, all net proceeds shall be paid to the Trustee for distribution. Property to be sold by the Debtor that is not sold in the applicable time period will be surrendered to the creditor unless the Trustee requests additional time, or unless the Debtor modifies the plan to retain the collateral and cure existing defaults. A secured creditor entitled to a deficiency claim must file that claim within 90 days of the date that the real or personal property is surrendered by the Debtor, or within 30 days of a sale that is conducted by the Debtor. After the payment of secured debts and the costs of sale, a report accounting for the sale shall be made and all net proceeds shall be paid to the Trustee for distribution.

**CLASS SIX:** Timely Filed and Allowed Non-Priority Unsecured Claims.

Class Six claims will be paid pro rata. The Debtor estimates that Class Six claims will receive 17.9% of their claims. Payment of any dividend will depend on the amount of secured and priority claims allowed and the total amount of all allowed unsecured claims. No payment will be made until unsecured priority claims are paid in full, and no payment will be made on Scheduled claims unless a proof of claim is filed. The value as of the effective date of the plan of property to be distributed in the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated in Chapter 7 of the Bankruptcy Code on that date. The percentage distribution to general unsecured creditors in Chapter 7 is estimated to be 17.7%, as shown on Exhibit A attached hereto.

**CLASS SEVEN:** Executory Contracts / Unexpired Leases

The following executory contracts and/or leases are held by the Debtor. The treatment of each lease/contract is set forth below. The Debtor shall surrender any property covered by rejected executory contracts or leases to the affected creditor no later than the date this plan is confirmed.

| Claim No# | Creditor | Indicate if Assumed or Rejected and identify the item leased | Monthly payment (Indicate if payments will be made in the plan (Y/N) | Arrearage amount | Total paid in Plan Through the Trustee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**CLASS EIGHT:** Post-Petition Claims Under Bankruptcy Code § 1305.

Unless a timely objection is filed, post-petition claims allowed under § 1305 shall be paid, in full, in equal monthly installments. Payments shall commence no later than 30 days after the filing of the claim, and conclude on or before the date of the last payment in the Plan, unless otherwise ordered by the Court.

**Other Plan Provisions**

 A. Co-Debtor Claims

The following claims for consumer debts on which another individual is liable with the Debtor are seperately classified. Unless otherwise indicated co-debtor claims are to be paid in full.

| Claim No# | Creditor | Co-Debtor | Interest Rate | Monthly Payment/ Number of Months | Paid by the Trustee ("T") of the Debtor ("D") | Total Paid in Plan Through the Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

 B. Student Loans

The following claims are non-dischargeable student loans and will be treated as follows:

| Claim No# | Creditor | Amount Owed | Interest Rate | Choose an Option:<br>( ) Debtor to pay directly outside the Plan:<br>( ) Pay pro rata through the Plan as a Class Six creditor; OR<br>( ) Other; Please explain basis for treatment below: | Total Paid in Plan |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

 C. Additional Classes.

  [x] There are no additional classes of claims
  ( ) The Debtor proposes to separately classify the following claims:

| Claim No# | Creditor | Interest Rate | Monthly Payment / Number of Months | Paid by the Trustee ("T") or the Debtor ("D") | Reasons for Separate Classification | Total Paid in Plan Through the Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

    D.    Motions to Avoid Lien(s) Under 11 U.S.C. § 522(f)

The Debtor will file a separate motion to avoid the following judicial liens or nonpossessory, nonpurchase money security interests. Unless a separate motion is filed, this plan does not operate to avoid the liens and claims will be treated according to their filed proofs of claims. Otherwise an adversary proceeding must be filed to contest whether a lien is enforceable or not. The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The Debtor discloses the intentions to avoid liens held by the following creditors:

| Claim No# | Creditor | Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

    E.    All property of the estate under section 541 and 1306 of the Bankruptcy Code will continue to be property of the estate following confirmation.

    F.    The Trustee will mail payments to the address provided on the proof of claim form unless the creditor provides another address by an amended proof of claim or other document filed with the Clerk. If the claim is subsequently assigned or transferred, the Trustee will continue to remit payment to the original creditor until a formal notice of assignment or transfer is filed with the court.

    G.    Other (explain):

_____

_____

    H.    There are no other plan provisions.

    I.    "Debtor" includes both Debtors in a jointly filed case.

Dated: 11/21/14

Attorney for the Debtor

I declare under penalty or perjury that the foregoing is true and correct.

Debtor                                                                        Joint Debtor

Exhibit A: Liquidation analysis

## ASSETS

**Real Property**

    Property Value    Residence    $60,000.00
    (List each piece of real estate separately)
        Less First Mortgage    $25,000.00
        Less Second Mortgage    $0.00
        Less Claimed Exemptions    $35,000.00
        Less a 10% Cost of Sale    $6,000.00
        Net Equity (do not enter an amount<0)    $0.00

    Property Value    12 lots, Eastview    $23,460.00
    (List each piece of real estate separately)
        Less First Mortgage    0.00
        Less Second Mortgage    $0.00
        Less Claimed Exemptions    $15,000.00
        Less a 10% Cost of Sale    $2,346.00
        Net Equity (do not enter an amount<0)    $6,114.00

    Property Value    .0385 Interest in Leased O & G    $3,000.00
    (List each piece of real estate separately)
        Less First Mortgage    0.00
        Less Second Mortgage    $0.00
        Less Claimed Exemptions    0.00
        Less a 10% Cost of Sale    $300.00
        Net Equity (do not enter an amount<0)    $2,700.00

**Motor Vehicles**

    Property Value    $17,500.00
        Less Liens (secured portions only)    $14,000.00
        Less Claimed Exemptions    $3,000.00
        Less a 10% Cost of Sale    $1,750.00
        Net Equity (do not enter an amount <0)    $0.00

**Other Assets**

    Property Value    $15,994.10
        Less Liens Secured Portion of Liens    $0.00
        Less Claimed Exemptions    $12,604.10
        Less a 10% Cost of Sale    $1,599.41
        Net Equity (do not enter an amount <0)    $1,790.59

**Avoidable Liens / Transfers**

    Fraudulent Transfers    $0.00
    Preference Recoveries    $0.00
    Avoidable Lien Recoveries    $0.00

## UNSECURED LIABILITIES

**Total Priority Claims on Schedule E**

    Claims on Schedule E    $2,550.00
    Less Non-Priority Portions    $00.00
    Net Priority Claims    $2,550.00

**Total General Unsecured Claims**
    Unsecured Claims on Schedule F                        $19,596.00
    Unsecured Portions on Schedule D                   $10,000.00
    Avoidable Liens / Transfers                               $00.00
    Non-Priority Portions on Schedule E                 $00.00
    Total General Unsecured Claims                       $29,596.00

### Exhibit A: Liquidation Analysis (continued)

### LIQUIDATION COMPARISON

**Outcome under Chapter 7**

Total Non-Exempt Equity (add the net equity)
in real property, motor vehicles, other assets
and the total amount of avoidable transfers)          $10,604.59

    Less Chapter 7 Trustee's Fees                         $1,810.46
    (25% of first $5,000;
    10% of % $5,001 to $50.000
    5% of $50,002 to $1,000,000
    Less Chapter 7 Trustee's Attorney's Fees          $1,000.00
    Less Payments of Priority Claims                    $2,550.00
Amount Payable to General Unsecured Claims     $5,244.13
Total General Unsecured Claims                      $29,596.00
Percent Distribution                                            17.7%

**Outcome under Proposed Plan**

    Total Plan Payments                                  $11,400.00
        Less Chapter 13 Trustee's Fees                 $1,140.00
        Less Outstanding Attorney's Fees             $2,400.00
        Less Payments to Priority Claims              $2,550.00
        Less Payments to Secured Claims                  $00.00
Amount Payable to General Unsecured Claims    $5,310.00
Total General Unsecured Claims                    $29,596.00
Percentage Distribution                                       17.9%